SANBORN (SWANN v.). See Case No. 13,-675.

SANCHEZ (UNITED STATES v.). See Cases Nos. 16,217 and 16,218.

## Case No. 12,291a.
### SANCHO v. ATWOOD.[1]
District Court, D. New York. Dec. 28, 1848.
Costs—In Admiralty—To Proctor—To Clerk—To Commissioners.

[This was an action by John C. Sancho against James N. Atwood. Appeal from taxation of costs.]

BETTS, District Judge. The appeal from the taxation of costs presents three topics for the consideration of the court.

First. Whether the advocate and proctor can charge $1.25 in each of several sequent motions before the court, when necessarily in attendance to make one of them. The taxing officer allowed $1.25 for attendance on return of the monition, and disallowed the charges for attendance on the motion that the marshal return the monition and that the respondent be called. These motions are distinct, and require several and independent proceedings. The libellant cannot proceed in his cause without application to the court, and for its specific order in these particulars, and accordingly I think the charges for the motions designated, fall plainly within the tariff of fees established for this court. By that the proctor is allowed 62½-100 for every necessary motion made in court, on every necessary proceeding in a cause. The taxation is therefore so far over-ruled, and $3.75 for such extra attendances allowed in the bill, must be stricken out.

Second. The next point on appeal is, that the failing party is not to be charged clerk's costs for orders actually entered on behalf of the succeeding party in the progress of the cause. These orders, it is shown, are entered necessarily in the progress of the cause, and are spread in extenso upon the minutes. I perceive no ground for absolving the defendant from payment of these costs. They are incurred by the libellant, and are indispensable to his pursuing his action. The appeal on this head is over-ruled.

Third. The last question relates to the limitation of the fees of commissioners for taking testimony, supposed to be made by the act of congress of August 12, 1848 (Sep. Laws [Richie & Heiss Ed.] 149 [9 Stat. 284]). The commissioner's fees in this case were taxed at $6.75, and it is contended that they are now limited by statute to $2. I shall not discuss the point on this appeal. The same question was raised in the circuit court at the last term before both judges, and it was held that the provision of the act referred to applied only to suits of the United States, and to fees to be paid out of the treasury of the United States.

Under that construction of the statute, it does not affect the compensation of commissioners in individual suits, and accordingly the allowance in the present instance was properly made.

---

[1] [Not previously reported.]